UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE LAMONT HARRIS,

    Petitioner,

v.                                              Case No. 2:10-cv-298
                                              HON. ROBERT HOLMES BELL

ROBERT NAPEL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Freddie Lamont Harris filed this petition for writ of habeas corpus challenging the validity of his state court convictions. On October 1, 2008, Petitioner was convicted by a jury of assault with intent to rob while unarmed, and conspiracy to assault with intent to rob while unarmed. Petitioner was sentenced as an habitual offender - fourth offense and received concurrent sentences of six to thirty years imprisonment.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth three claims for relief:

    I.    Did the trial court unlawfully deprive the defendant of his due process, equal protection, and other protected rights to a fair trial when it denied the defense motion for a directed verdict of acquittal; in the alternative, is the evidence insufficient to support the guilty verdicts?

    II.    Did the trial court unlawfully deprive the defendant of his due process, equal protection, and other protected rights under the United States and Michigan constitutions when it failed to take into account all mitigating evidence in sentencing the defendant?

> III. Did the trial court unlawfully violate the United States and Michigan constitutions in sentencing the defendant to concurrent prison terms of 6-30 years on a habitual offender 4th supplement(s) arising out of the assault with intent to rob while unarmed and the conspiracy to commit assault with intent to rob while unarmed convictions?

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The Michigan Court of Appeals summarized the facts presented during Petitioner's trial.

> At approximately 11:30 a.m. on May 22, 2008, the victim, a participant in a job-training program in Grand Rapids, disembarked at a bus stop near the corner of Hall Street and Division Avenue to go to the job-training center. Meanwhile, defendant and William Sadler were hanging out together and drinking alcohol near the bus stop. According to Sadler, they planned on snatching someone's purse, but they did not intend on harming anyone. As the victim walked from the bus stop to the job-training center, defendant grabbed her purse. Sadler then grabbed her jacket, ripping a button off her shirt in the process. Sadler testified at trial that when they attempted to take her purse, "[t]here was just a struggle . . . but nothing didn't happen." According to the victim, defendant and Sadler could not get her purse. When an unidentified passer-by interceded on the victim's behalf, defendant and Sadler ran away.
>
> The victim went to the job-training center, where she informed the security manager of the incident. The security manager called the police, and then drove to the location where the incident occurred. The security manager noticed two individuals, who appeared to be intoxicated, walking toward the job-training center. He called the victim and asked her to identify the individuals. The victim stepped outside the entrance of the job-training center and told the security manager that the individuals walking toward the job-training center were the same individuals that had assaulted her. The security manager continued to follow defendant and Sadler as they walked to a liquor store. When the police arrived, the security manager informed the police that defendant and Sadler had assaulted the victim, and defendant and Sadler were arrested.

*See People v. Harris*, Michigan Court of Appeals No. 289074, slip op. at pp. 1-2 (May 4, 2010).

Following his conviction, Petitioner filed an appeal in the Michigan Court of Appeals, asserting the same claims being raised in his habeas corpus petition. The Michigan Court of Appeals affirmed Petitioner's convictions on May 4, 2010. *Id.* Petitioner then filed an application for leave

to appeal to the Michigan Supreme Court, which was denied on September 9, 2010. *See People v. Harris*, Michigan Supreme Court No. 141156 (Sept. 9, 2010). Respondent concedes that Petitioner's claims have been exhausted and are not barred by the one-year statute of limitations.

With regard to Petitioner's first claim for relief, Petitioner contends that the evidence presented at trial was insufficient to sustain his convictions. A conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer,* 541 F.3d 652, 656 (6th Cir.2008) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). In a habeas proceeding, however, the court cannot simply conduct a de novo review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of AEDPA. Petitioner can be granted habeas relief only if the Michigan Court of Appeals unreasonably applied the *Jackson* standard. *See Getsy v. Mitchell,* 495 F.3d 295, 315-16 (6th Cir.2007) (en banc) (whether the petitioner is entitled to habeas relief ultimately depends on whether the state court's denial was based on an unreasonable application of clearly established federal law regarding the sufficiency of the evidence.). The court's task is "to determine whether it was objectively unreasonable for the state court to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that Petitioner committed the essential element of the crimes charged beyond a reasonable doubt. *See Nash v. Eberlin,* 258 Fed. Appx. 761, 765 (6th Cir.2007).

When reviewing whether the state court's determination was "objectively unreasonable," the court must engage in a two-step analysis. First, the court must ask whether the evidence itself was sufficient to convict under *Jackson*. The inquiry ends if it is determined that there was sufficient evidence to convict Petitioner. If the court finds that the evidence is insufficient

to convict, it must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *Id.* The law therefore "commands deference at two levels." *Tucker,* 541 F.3d at 656.

> In addressing this claim, the Michigan Court of Appeals stated:
>
> We also review a claim of insufficient evidence in a criminal trial de novo, *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002), again viewing the evidence in a light most favorable to the prosecution to determine if a rational trier of fact could find beyond a reasonable doubt that the essential elements of the crime were established, *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). We are "required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). However, to establish that the evidence presented was sufficient to support defendant's conviction, "the prosecutor need not negate every reasonable theory consistent with innocence." *Id.* "The evidence is sufficient if the prosecution proves its theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide." *People v Wolford*, 189 Mich App 478, 480; 473 NW2d 767 (1991).
>
> The prosecutor need not present direct evidence linking defendant to the crime in order to provide sufficient evidence to support defendant's conviction: "[c]ircumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense." *Id.* Further, a factfinder may infer defendant's intent from all the facts and circumstances provided. *Id.* "Questions of credibility are left to the trier of fact and will not be resolved anew by this Court." *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999). Furthermore, "[i]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).
>
> To establish a conviction of assault with intent to rob while unarmed, the prosecution must establish "(1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed." *People v Chandler*, 201 Mich App 611, 614; 506 NW2d 882 (1993).

> Additionally, any person who conspires with one or more persons to commit a criminal offense is guilty of the crime of conspiracy. MCL 750.157a. On appeal, defendant claims that the prosecution failed to prove that an assault occurred. A simple criminal assault arises from "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979) (internal quotations and citation omitted). "[I]t is impossible to commit a battery without first committing an attempted-battery assault." *People Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004). A "battery" is "an intentional, uncontested and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (internal quotations and citation omitted).
>
> At trial, Sadler testified that he and defendant intended to snatch someone's purse. The victim testified that as she disembarked from the bus, defendant grabbed her purse and Sadler grabbed her jacket. When defendant and Sadler could not obtain her purse, they ran away. We conclude that the victim's testimony established that defendant committed an assault with force or violence: defendant either completed a battery or, at the very least, attempted to commit a battery or an unlawful act that placed the victim in reasonable apprehension of receiving an immediate battery. *Johnson*, 407 Mich at 210. "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). Viewing the evidence presented in a light most favorable to the prosecution, a rational trier of fact could, and did, find that all the essential elements of the charged offenses were established beyond a reasonable doubt. *Aldrich*, 246 Mich App at 122. Thus, the trial court properly denied defendant's motion for a directed verdict, and there was sufficient evidence to prove the assault element and to sustain both of defendant's convictions.

*Harris*, at pp. 2-3.

The evidence of record was sufficient to convict Petitioner of assault with intent to rob while unarmed and conspiracy to commit that offense. Therefore, the Michigan Court of Appeals was objectively reasonable in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.

In his second claim for relief, Petitioner asserts that the trial court failed to take into account mitigating evidence in imposing his sentence. In addressing this claim, the Michigan Court of Appeals stated:

> Next, defendant complains that the trial court failed to consider "all mitigating evidence" in sentencing the defendant. In arguing this issue, defendant has failed to cite or identify any mitigating evidence that the trial court should have considered and did not. As the appellant, defendant bears the burden of furnishing the reviewing court with a record to verify the factual basis of any argument upon which reversal might be predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). He has not done so here. Thus, this issue is abandoned. *People v Traylor*, 245 Mich App 460, 464; 628 NW2d 120 (2001) (this Court will not search for a factual basis to sustain or reject defendant's position). Nevertheless, we find that the trial court reviewed defendant's presentence investigation report (PSIR) and his sentence information report (SIR). There is no evidence to support defendant's argument, particularly if the mitigating evidence to which he alludes is his alleged strong family support and his substance abuse. *See People v Nunez*, 242 Mich App 610, 618; 619 NW2d 550 (2000).
>
> Defendant also asserts that the trial court committed numerous errors with respect to the imposition of his sentences. These unpreserved allegations are not appealable because defendant's sentences are within the appropriate sentencing range and no scoring errors were committed or inaccurate information used in determining his sentences. *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). Notably, all defendant's allegations of sentencing error lack merit. After a review of the record, we have determined that none of the alleged sentencing errors require vacation of defendant's sentences or a remand for resentencing.

*Harris*, at p. 3.

Respondent asserts that Petitioner's second claim has been procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether

a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Petitioner concedes that he did not object to the evidence relied on in imposing his sentence. The Michigan Court of Appeals held that Petitioner abandoned this claim and limited its review to plain error. The Michigan Court of Appeals reviewed the presentence investigation report (PSIR) and the sentence information report (SIR), and found no evidence to support Petitioner's claim, "particularly if the mitigating evidence to which he alludes is his alleged strong family support and his substance abuse." *Harris*, at p. 3. Moreover, as noted by Respondent, there is no clearly established federal law supporting a finding that there is a right to have mitigating evidence considered at sentencing in non-death penalty cases. In fact, the case cited by Petitioner in support of this assertion concerned the Kansas death penalty statute. *Kansas v. Marsh*, 548 U.S. 163 (2006). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner's second claim for relief is properly denied.

Finally, Petitioner claims that the trial court erred in imposing his sentence. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that Petitioner challenges the correctness of his sentence on the basis of state law, Petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Petitioner was sentenced as a fourth-offense habitual offender. The undersigned notes that MCL § 769.12(1)(b) provides for punishment of fourth-offense habitual offenders with imprisonment for life or for any term of years where the fourth felony is punishable upon a first conviction by imprisonment for a maximum term of five years or more or for life. Michigan's unarmed robbery statute, MCL § 750.88, and its conspiracy statute, MCL § 750.157a(a), authorize imprisonment in the state prison for up to fifteen years. Therefore, Petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Moreover, the Sixth Circuit has concluded that a sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Because Petitioner's sentence does not constitute such a disparity, his sentence does not violate the Eighth Amendment.

Finally, Petitioner claims that the trial court violated his Sixth Amendment right to a trial by jury when it used factors to score Petitioner's sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt. Petitioner bases his argument on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but

is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, for the reasons set forth above, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 10, 2014